Ruffin, C. J.
 

 There is do doubt that Preston was competent as a witness to testify at the trial. Between the heir and devisee, the executor is competent to support the will.
 
 2
 
 Stark. Ev. 758. And he had divested himself of all interest in the personal estate by renouncing; and the competency of a witness depends on his interest, when he is called to give evidence.
 
 Percy
 
 v.
 
 Fleming, 2
 
 No. Ca. Law Repos. 458.
 

 But the question on the verdict is, not whether Preston was competent to testify at the trial, but whether he was competent to attest the paper as one of the two witnesses, required by law to a will of real estate, and now, also to a will of personal estate? For the competency of a person to attest a will depends upon his not being interested at the time of his attestation.
 
 Allison
 
 v.
 
 Allison,
 
 4 Hawks, 141.
 

 We do not see any thing to prevent this person from being a good witness to this paper as a will of land. That depends entirely on the act of 17S4. Rev. St. C. 122, S. 1. With respect to attested wills, the provision is, that they “ shall be subscribed in the testator’s presence by two witnesses at least, no one of which shall be interested in the devise of the said land.” It has been already observed, that merely as executor, Preston ha§ no interest in the will as a will of land.
 

 But here there is a direction to sell land, and as no person is appointed to make the sale, and the proceeds are to be applied to the payment of debts and legacies, it is a duty that devolves on the executors.
 
 Ferebee
 
 v.
 
 Proctor,
 
 2 Dev. & Bat. 439. Still we do not think that gives the executor an interest in the land. The will does not charge any commission in favor of the executors, as was done in
 
 Allison
 
 v.
 
 Allison.
 
 Nor does the law give it to them. The statute, Rev. St. c. 46, s. 29, is confined to the personal estate, as is shewn by its making the commission a subject of retainer against creditors, legatees, and next-of kin. But upon a,power to sell land, or a devise
 
 *166
 
 of it to him in trust to sell, the executor is a mere trustee, entitled in England only to his expenses, and here to nothing more, except as the Court of equity may, in its discretion, think proper to allow. Of strict right he is entitled to nothing; and therefore cannot be said to be interested in the devise.
 

 It was said at the bar, however, that this could not be a good will of the land, unless it be also good as to the personal property, because the act of 1840 places them on the same footing. But we do not perceive any thing in that act, which at all affects, or can be supposed to have been intended to affect, a will of lands. If this be not a good will of personalty, as we suppose it not to be, yet that is owing entirely to the act of 1840; and that act is strictly confined to wills of personal estate, and has no allusion to wills of real estate, for the purpose of adding any new requisite to their formal execution, but merely to require wills of personalty to be thereafter executed with the same formalities as were then required by law in respect of wills of lands — leaving the latter just as they were before.
 

 But we think this paper is not duly attested as a will of personalty. It is insisted that it is, because the act of 1840 makes a will sufficient to pass personal estate, if it be executed with the same formalities, as are required by the first section of the Revised Statutes concerning wills of land; that is to say, by two witnesses not interested in the devise of the land. But though that be the literal reading, it cannot be the sense of the act; for it would render it absurd, and defeat the
 
 obvious
 
 purpose of the legislature. For, as just observed, that act does not touch a will of land, as making any alteration in the law as to its execution; but it is confined strictly to wills of personal estate. There was no motive to alter
 
 the
 
 law as to wills of land; as it was already enacted,
 
 that they
 
 should be attested by two witnesses, not interested in the land at the time of attesting. The sole object of the act of 1840, was to establish the same guards in relation to the personal estate, against fraud and perjury in fabricating and sustaining wills. The construction of the Act must be to require two witnesses at
 
 *167
 
 least to a will of personal estate, no one of which shall be interested
 
 in the personal estate
 
 bequeathed in it. That must be the meaning; otherwise, the act will be nugatory in the very case and only case mentioned in it; which is, that of a will disposing of personal estate only. For the Act does not provide for the case of a will disposing of both real and personal estate, and add any ceremony to be observed in the execution of such a will; but it speaks of a will of personalty as distinct from one of land, and recognises them as instruments relating to different subjects. But it applies to wills of personalty the same provisions as to their formalities, that were before required for wills of land. Therefore, there must be two witnesses to it; and the only question is, what are to be their qualifications
 
 %
 
 Certainly, the legislature did not mean, that if a will disposed of nothing but personalty, it should be good without any witness; for that would be against the very words of the act. In such a case then, it means that the witnesses should be persons taking nothing by the instrument; that is, no part of the personal estate, which is the sole subject of the instrument. If so, it follows, when the instrument purports to dispose of both real and personal estates, it must be attested as to each, in the several manners required to make a good will of the two kinds of estates separately. There is nothing in the act to shew, that the legislature meant that a will should be good, as a will of personalty, merely because it was good as a will of realty, more than that it should be good as a will of land, merely because it was good as a will of personalty. In fine, the law treats the two kinds of estates as different subjects, and often going to different persons. It does not deem the one fund or the other the more worthy, so as to make a will that is good as .to one fund, good as to the other ; nor is there any thing to raise a presumption that the legisla, ture meant that a will disposing of the two kinds of estates should opérate as a whole, or not at all. For, as we have already said, the case of a will of both kinds of estates is not within the purview of the act, but it simply prescribes a new method of attesting a will of personalty. Here the jury have
 
 *168
 
 found the
 
 animus disponendi
 
 as to both estates, and that was their province.
 
 Robinson
 
 v.
 
 Kea,
 
 4 Dev. 301. So that the only question is, as to the sufficiency of the paper, in respect
 
 ^
 
 jtg formaj executjon as a will of each kind of estate. If the legislature had intended that a will of real estate, attested by witnesses not interested in the devise, should not be good as a devise, ifit should not also be good as to the bequests of personalty contained in it, or
 
 vice
 
 versa, the language would have been simply, «that no will should be good to pass any estate, unless it be subscribed by two witnesses, neither of which should be interested in any gift in the same contained.” But as the act of 1784 only requires that witnesses to a will of land should not be interested in the land, we can add nothing to the qualification of the witnesses to such a will. And as the act of 1840, as it must be understood, requires two witnesses to a will of personal estate not interested in the bequests thereof, we can take nothing from their qualification. If, indeed, we could see a reason, why the legislature should have intended that the gifts of
 
 land
 
 or its proceeds, to this persons
 
 widow
 
 and
 
 grandchildren
 
 should not take effect, because the parents of those grandchildren (to whom the testator did not think it safe to give any thing) are able to defeat the gifts of personalty to the same persons for the want of a mere formality required by the law in the execution of the paper, as a will of personalty, while it has every formality required for it as a will of land, we should most willingly declare it not good for one purpose, because, not good for all. So, we should most gladly, under the verdict, support it as a will of personalty, if we were at liberty to do so, merely because it is good as to the land. But we cannot do so, because that is not the act of 1840, which requires it, as a will of personalty, to be attested by persons not interested in the personalty. It is to be regretted, indeed, that the legislature has not adopted the policy of the act of George II, and destroyed the interest of the subscribing witnesses by making void all gifts in the will to them ; and the want of such a provision is severely felt in this case, as it defeats the most beneficent provisions for the families of
 
 *169
 
 the very persons who contest this will. But we cannot act on such considerations, but must administer the law as it is; and' as that requires an attestation of a will of personalty by two persons, not interested in it at their attestation, this is not a good will of that kind. The .witness, Preston, was interested, because the act of 1799 gives an executor a legal right, over and above his charges and disbursements, to commissions on the personal estate.
 

 Therefore, upon the verdict, the court should have pronounced for this as a sufficient will of the real estate, and against it as a will of personal estate; and, consequently, the judgment must be reversed and thecase remanded with instructions so to pronounce, and to certify the same to the County Court, in order that the will and probate may be there recorded and other proceedings had according to law.
 

 Per Curiam, Ordered accordingly.